## UPCHURCH v. ANDERSON, et als.

HUSBAND AND WIFE. *Estate by the curtesy.* Where the wife of the claim-
ant of the estate by the curtesy survived her father, but died before
her mother, and after the assignment of dower to her mother, out of
her father's estate, leaving children of the marriage, *held,* that the wife's
seizin of the inheritance was not such as to entitle the husband to an
estate by the curtesy, in those lands whereof the mother was endowed,
because the indispensable element of the seizin of the wife during cov-
erture was defeated by the endowment of the mother.

Cases cited: Reed *v.* Reed, 3 Head, 491; Com. Dig., Title seizin a 1–2;
4 Greenl.; Cruise's Dig., 45; 3 Dall. Penn., 489; 2 Scrib. Dower, 721;
Co. Litt., 241; 1 Greenl. Cruise, 195; 4 Kent, 62; 1 Pick. 186; 3
Mason, 367; Norwood *v.* Marrow, Dev. & Batt.. 432; 1 Washb. R. P.,
262, 290, 588–9; Cowen, 76.

---

### FROM JACKSON.

---

Appeal from the Circuit Court. ANDREW McCLAIN,
Judge.

JOHN P. MURRAY for Anderson.

E. L. GARDENHIRE for Upchurch.

SNEED, J., delivered the opinion of the Court.

This is an action of ejectment, in which the plain-
tiff, Upchurch, sues for a life estate which he claims
as tenant by the curtesy, under the facts following:
The plaintiff, Upchurch, intermarried with a daughter
of Caleb Anderson, deceased, late of Jackson county.
The said Caleb Anderson died seized and possessed of a

large estate in lands, which, upon his death, descended to his heirs, of whom the plaintiff's wife was one, subject to the dower of the widow of said Caleb Anderson. The plaintiff's wife survived her father, but died leaving children of the marriage, after the assignment of the dower, and before the death of the widow. After the death of the widow, by which the life estate in dower was limited, the defendants, as heirs of Caleb Anderson, deceased, and as purchasers of the interest of other heirs, came into possession of the dower tract, claiming the fee to the whole, and refusing to recognize any right in the plaintiff. He therefore brought this action of ejectment, which resulted in a verdict and judgment in his favor, from which the defendants have appealed in error.

The first and main question pressed in argument is decisive of the case. The plaintiff's right depends upon the question of law, whether, under the facts, he was tenant by the curtesy of the land in question. The four elements necessary to constitute the tenancy, are marriage, issue, seizin, and death of the wife. Three of these undoubtedly exist in this case. These are the marriage, the birth of issue capable of inheriting, and the death of the wife. But we are of opinion that the indispensable element of seizin of the wife during the coverture, is wanting. A seizin, in the sense of the ancient law, was the completion of the feudal investiture by which the tenant was admitted into the feud, and performed the rights of homage and fealty. A seizin in fact, is now under-

stood to be a possession with intent on the part of him who holds it to claim a freehold; while a seizin in law, is a right of immediate possession, according to the nature of the estate. Com. Dig. Title Seizin, A., 1, 2.

In this country, the making, delivery and recording of a deed of land, passes the seizin without necessity of formal entry. This is by force of Statutes in the several States; in some, such a deed being equivalent to a livery of seizin, and in others, dispensing with any further act to pass the full and complete title; 4 Greenl.; Cruise's Dig., 45; 3 Dall. Penn., 489.

There was, undoubtedly, a seizin in the plaintiff's wife, of the general inheritance in her father's land, to the extent of her interest, the moment his death intestate devolved the inheritance upon his heirs. But did this seizin comprehend the dower interest in the lands, though not yet assigned, in the technical sense necessary to raise the inchoate estate by the curtesy? We think not. The marriage initiates the right of dower, and the death of the husband perfects it.

By the death, the estate descends subject to this right of dower; and if a *quasi* seizin in the dower interest, attaches with the devolution of the inheritance upon the heirs, it yields *eo instanti* with the subsequent assignment of dower, and the assignment by relation takes effect from the moment the right was communicated by the husband's death. The intermediate *quasi* seizin is, then, in legal comtemplation, no seizin at all. Thus, it is said, although the widow's right

of entry is suspended until assignment made, her estate does not take its effect out of the ownership of the party assigning, but it is considered as a continuation of the estate of the husband; although the heir entered and had an actual seizin between the death of the husband and the assignment of dower, yet that intervening seizin does not disturb the continuity of the wife's title; for as soon as her dower is assigned the law supposes her in by relation from the death of the husband, and does away with all mesne seizin, or, as Sir Edward Coke expresses it, "the law adjudgeth no mesne seizin between the husband and wife." "There is not, in contemplation of law, any privity of estate between the dowress and the reversion of the lands set apart to her;" 2 Scrib. Dower, 721; Co. Litt., 241; 1 Greenl. Cruise, 195; 4 Kent, 62; 1 Pick., 189; 3 Mason, 367; Norwood v. Marrow, 4 Dev. & Batt., 432; 1 Washb. R. P., 262; 9 Cowen, 76; and in consequence of the rule, that the dowress is in by her husband, and not by him who endowed her, it is said that the assignment has the effect of divesting by relation, all the mesne seizin in the one-third which attached between the death of the husband and the time of the assignment. The old books abound with cases on this question, uniformly holding that the estate of the dowress, when assigned, takes effect by relation to the seizin of the husband; 2 Scrib. Dower, 723. Thus, it is said by Mr. Washburn, though, upon the death of the husband, the heir enters and gains actual seizin of the premises, as soon as

the widow enters under her assignment of dower, it destroys the seizin at once, of so much of the inheritance, and he is thenceforth considered as never having been seized thereof; 1 Washb. R. P., 588-290.

These authorities have been followed by this Court, and are distinctly recognized in *Reed* v. *Reed*, 3 Head, 491, where it is held, that, "if a woman on whom lands descend endow her mother, afterwards marries, has issue, and dies in the life-time of her mother, her husband will not be entitled to an estate by the curtesy in those lands whereof the mother was endowed, because the daughter's seizin was defeated by the endowment." Though the facts of that case are slightly variant from those of this case, the same principles must be decisive of both. The Circuit Judge instructed the jury otherwise, and it results, that the judgment must be reversed and a new trial awarded.